IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Carol B.<br><br>        Plaintiff,<br><br>v.<br><br>Waubonsee Community College,<br><br>        Defendant. | No. 23 CV 02033<br><br>Honorable Nancy L. Maldonado |

**Memorandum Opinion and Order**

Plaintiff Carol B.[1] brings this employment discrimination action against her former employer, Defendant Waubonsee Community College ("the College"), alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1–101, *et seq.* ("IHRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Pending before the Court is the College's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons stated below, the Court grants the College's motion in part and denies it in part. In sum, the Court agrees that Plaintiff has failed to plead sufficient facts giving rise to claims for unlawful retaliation under Title VII and the IHRA, or for FMLA interference. The Court rejects the Colleges' other arguments for dismissal on the basis of statute of limitations or exhaustion, and further finds that Plaintiff has adequately stated a claim for FMLA retaliation. Nevertheless, given that the Court is dismissing certain claims for the first time, and given that the Complaint suffers from other pleading deficiencies, including a duplicate count and use of a pseudonym, the Court

---

[1] Plaintiff filed this lawsuit without listing her full surname, though she never filed a motion to proceed under a pseudonym. As discussed further in this opinion, Plaintiff will be required to file an amended complaint with her full name, unless she files a motion demonstrating good cause to proceed under a pseudonym.

1

finds it appropriate to dismiss the Complaint in its entirety with leave to amend. Plaintiff shall have until July 19, 2024, to file a First Amended Complaint to remedy the pleading issues addressed in this opinion, if she believes she can do so.

**Background[2]**

Plaintiff is an African-American woman who was previously employed by the College as a testing services manager.[3] (Dkt. 1 ¶ 6.) Plaintiff began her employment in July 2019 and was responsible for the supervision of approximately 13 employees in her department, which was part of the Student Services Division. (*Id.* ¶¶ 7–8.) Plaintiff states that she received positive performance reviews as a "Valuable Contributor" from her supervisor, the Assistant Vice President of Student Services. (*Id.* ¶ 10.)

After the COVD-19 pandemic began around March 2020, the College shifted to a remote work model. (*Id.* ¶ 13.) According to Plaintiff, the College attempted to institute a "hybrid work model" in around July 2020, but returned to fully remote work in November of 2020 due to spiking infections. (*Id.* ¶¶ 13–14.) Starting in around January 2021, the College returned to a hybrid work model. (*Id.* ¶ 16.) Sometime around this period, the Complaint does not indicate exactly when, Plaintiff's department was shifted to the Academic Support Division and Plaintiff got a new supervisor. (*Id.* ¶ 18.)

While the Complaint is somewhat vague on the timing of events that follow, it appears that after the College switched back to a hybrid work model in January 2021, and Plaintiff's department was shifted to a new supervisor, she started to encounter issues with her employer. Specifically,

---

[2] The Court takes the factual background from the well-pled allegations in the Complaint (Dkt. 1) and assumes the allegations to be true for the purposes of the instant motion. *See, e.g., Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017).

[3] The College states that its proper legal name under which it should have been sued is the Board of Trustees of Community College District 516 Waubonsee Community College. The Court will direct the Clerk to update the docket accordingly.

2

Plaintiff states that "issues arose" where she struggled to find appropriate childcare for her child, who was under the age of one at the time, due to the shutdowns related to the pandemic. (*Id.* ¶¶ 12, 17, 19.) Because of her childcare issues, Plaintiff alleges that she could not appear in person, and that she repeatedly sought help from the College regarding the need for additional staffing as well as a temporary accommodation to work remotely. (*Id.* ¶¶ 19–20.) Plaintiff repeatedly asked for an accommodation to allow her to secure adequate childcare, including through the College's Employee Assistance Program ("EAP"). (*Id.* ¶¶ 21–22.) Plaintiff indicates that she exhausted all her options, but that the College did not resolve her childcare issues, and her request for remote work was "never pursued as a permanent option." (*Id.*)

Plaintiff alleges that, after she requested the temporary accommodation for remote work, she had "all flexibility removed from her schedule," and that the College began to retaliate against her and proceed in bad faith. (*Id.* ¶ 23.) Plaintiff states that the College encouraged staff under Plaintiff's supervision to talk ill of her; overtly and excessively criticized her work; blamed Plaintiff for not seeking approval from her supervisor for PTO, despite the fact that the supervisor did not wish to receive those requests; denied Plaintiff's requests for additional testing staff; and generally refused to provide Plaintiff any accommodation to work remotely. (*Id.* ¶ 26.) Plaintiff also alleges that she was retaliated against because she received a grievance the day before she was to depart for FMLA leave, she later determined the grievance was a minor issue that had not resulted in grievances for others, and she was not given an opportunity to respond to the grievance. (*Id.*)

Plaintiff states that she was eventually forced out of her job, though she also separately alleges that she was terminated due to her need for an accommodation. (*Id.* ¶¶ 26–27.) Plaintiff

3

alleges, on information and belief, that a white employee, Rachel Vaughn, who raised childcare concerns was allowed an accommodation, whereas Plaintiff was not. (*Id.* ¶¶ 25–26.)

Plaintiff initiated this case on March 30, 2023. Plaintiff's Complaint includes eight causes of action: retaliation and discrimination on the basis of race in violation of Title VII (Count I); harassment and discrimination on the basis of sex in violation of Title VII (Count II); a duplicative claim for harassment and discrimination on the basis of sex in violation of Title VII (Count III); a separate count for retaliation in violation of Title VII (Count IV); retaliation in violation of the IHRA (Count V); interference and retaliation in violation of the FMLA (Count VI); discrimination on the basis of race in violation of the IHRA (Count VII); and discrimination on the basis of sex in violation of the IHRA (Count VIII). The College responded to the Complaint with the instant motion to dismiss pursuant to Rule 12(b)(6), which is fully briefed and ripe for decision.

## Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The Court need not, however, accept conclusory allegations, or allegations that contain only legal conclusions. *See, e.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020) (citations omitted). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Discussion

The College raises a number of different arguments in support of dismissal of the Complaint, including: (1) Plaintiff has improperly attempted to proceed under a pseudonym; (2) Count III for sex discrimination and retaliation is duplicative of Count II; (3) all of Plaintiffs' Title VII and IHRA claims should be dismissed for failure to exhaust administrative remedies; (4) Plaintiff has failed to state a claim for unlawful retaliation under Title VII or the IHRA; and (5) Plaintiff's FMLA claim is untimely and regardless fails to state a claim for FMLA interference or retaliation. (*See generally* Dkt. 8.)

For the reasons discussed below, the College's motion is granted in part and denied in part. The Court rejects the College's argument that Plaintiff is required to affirmatively plead administrative exhaustion or that her FMLA claim is timely. The Court also finds that Plaintiff has adequately alleged a claim for retaliation under the FMLA. The Court otherwise agrees with the College that Plaintiff has failed to state a claim for retaliation under Title VII or the IHRA and has failed to state a claim for interference under the FMLA. The Court will grant Plaintiff leave to amend, at which time she should also remove the duplicate claim and correct her use of a pseudonym.

### A. Plaintiff need not affirmatively plead exhaustion or that her FMLA claims are timely.

As a threshold matter, the Court rejects the College's timeliness and administrative exhaustion arguments. Before a plaintiff can bring a Title VII claim, she must exhaust her administrative remedies by filing charges with the EEOC and receiving a right-to-sue letter. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *Arrigo v. Link*, 836 F.3d 787, 793

(7th Cir. 2016). Plaintiffs must also administratively exhaust claims under the IHRA before filing suit by following the procedures outlined in the statute. *See Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 640 (7th Cir. 2004); see 775 ILCS § 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). The College points out that the Complaint is silent as to whether Plaintiff appropriately exhausted her claims and argues that Plaintiff's claims must therefore be dismissed. Plaintiff responds by arguing that she was not required to affirmatively plead exhaustion, though she could include additional information in an amended complaint if necessary to remedy the issue.[4]

Although Plaintiff cites to no legal authority for her argument that she need not affirmatively plead exhaustion, she is correct. Failure to exhaust administrative remedies under Title VII or the IHRA is an affirmative defense, and "[a]t the pleading stage, a plaintiff need not anticipate or overcome an affirmative defense, such as exhaustion." *Bell v. DeJoy, No*. 3:22-CV-50404, 2023 WL 3226202, at *2 (N.D. Ill. May 3, 2023); *Shofner v. Branding Iron Holdings, Inc*., No. 15-CV-1166-JPG-DGW, 2016 WL 879630, at *4 (S.D. Ill. Mar. 8, 2016) ("The failure to exhaust administrative remedies is an affirmative defense. Thus, it is the defendants' burden to prove Shofner failed to exhaust her remedies; it is not her burden to plead facts to overcome that

---

[4] Plaintiff's response brief is somewhat unusual and is drafted more like an answer to a complaint than a responsive memorandum. The College's opening motion includes numbered paragraphs, and Plaintiff's response tracks the same numbering, stating whether each of the College's paragraphs are "admitted or denied," in whole or in part. (Dkt. 15.) Where Plaintiff "denies" the College's assertions, she sometimes includes further explanation or argument in response to the College's contentions, though she cites almost no case authority. The College expressly asks in its reply that the Court strike Plaintiff's response as improper, or deem her arguments waived for failure to support her "denials" with legal authority. The Court agrees that Plaintiff's response is not a proper legal memorandum and is lacking in actual legal argument or authority to the point that the Court could likely consider many of her arguments waived. Having said that, the Court declines to strike the filing in its entirety, as it is not incomprehensible to the point that the Court cannot follow Plaintiff's arguments, such as they are presented. Further, as the Court is dismissing the Complaint with leave to amend, there is no need to strike her responsive filing. The Court cautions Plaintiff that, should there be future motion practice, she should draft her briefs as appropriate legal memorandum, and not in the manner her current response is formatted.

defense."). Plaintiff was therefore not required to expressly plead that she administratively exhausted her claims, and the Complaint's silence on exhaustion is not grounds for dismissal.

With respect to the timeliness of Plaintiff's FMLA claims, lawsuits under the FMLA must generally be brought within two years after the cause of action accrued. 29 U.S.C. § 255(a). The statute of limitations is extended to three years, however, for causes of action arising out of a "willful violation" of the FLSA. *Id.*; *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). The College notes that the sequencing and timing of events in Plaintiff's complaint is unclear; Plaintiff does not allege when she requested FMLA leave, the date she was granted leave, nor the date of the alleged interference or retaliation when she received the grievance prior to going on leave. The College thus argues that there are no dates from which they can compute whether Plaintiff's claims are timely, and her complaint should be dismissed on those grounds. The College further argues that Plaintiff has not pled sufficient facts demonstrating "willful" conduct such that she can avail herself of the three-year statute of limitations because she simply asserts in conclusory fashion that the College's actions were "willful."

Both of the College's arguments here are unavailing. First, as with the exhaustion issue discussed above, a statute of limitations argument is an affirmative defense, and Plaintiff is therefore not required to plead allegations to overcome the issue. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018). It is thus of no moment that Plaintiff has not pled specific dates with respect to her FMLA leave from which the College can assess whether her claim is timely. Second, irrespective of the lack of specific dates, Plaintiff has also sufficiently pled willfulness to avail herself of the three-year statute of limitations, at least at this initial pleading stage. Although Plaintiff's allegations are indeed conclusory, "specific facts do not need to be alleged to plead willfulness for the three-year statute of limitations under the FLSA to apply."

7

*See Kammer v. CET Inc.*, No. 2:21-CV-83-PPS-JPK, 2021 WL 2632441, at *2 (N.D. Ind. June 25, 2021) (collecting cases). Instead, the question of whether an FLSA violation was willful—and thus whether the applicable statute of limitations is two or three years—is a determination normally reserved for the trier of fact. *See Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 1001 (N.D. Ill. 2018) ("Plaintiff will ultimately bear the burden of proving that Defendant's conduct was willful, but that is a matter for the trier of fact to decide at a later stage.") (citing *Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995) ("It is the jury's province to decide which limitations period, two or three years, applies in light of the plaintiffs' evidence that the defendants acted willfully.")). This means that bare or conclusory allegations that an employer's violations of the FLSA were willful are sufficient at the pleading stage for application of the three-year statute of limitations, and any disputes over willfulness are more properly resolved by the trier of fact after discovery. *See Kammer*, 2021 WL 2632441, at *2 ("While Kammer's allegations relating to willfulness are somewhat conclusory, they are sufficient at this stage in the proceedings. Discovery will be needed to determine whether [defendant] violated the FLSA, and if so whether it did so willfully.").

Here then, Plaintiff's allegations of willfulness, while conclusory, support application of the three-year statute of limitations, at least at this initial pleading stage. As Plaintiff filed suit in March 2023, that would mean her FMLA claim is timely as long as it accrued after March 2020. Plaintiff's Complaint is vague as to the timing of her FMLA leave but given that all the relevant events in the Complaint appear to have taken place sometime after the COVID-19 pandemic began in March 2020, her claims would appear to be timely. More accurately, the Court cannot conclude from the face of the Complaint alone that Plaintiff's claims are necessarily *untimely*. The Court will therefore not dismiss the FMLA claims on untimeliness grounds.

In short, the Court denies the College's motion to dismiss on exhaustion and timeliness grounds, as Plaintiff was not required to affirmatively plead facts overcoming those defenses. The Court turns next to whether Plaintiff's allegations otherwise state claims under Title VII, the IHRA, and the FMLA.

**B. Plaintiff has failed to state a claim for retaliation under Title VII or the IHRA.**

The College contends that Plaintiff has failed to state a claim for retaliation under either Title VII or the IHRA. Title VII makes it unlawful for an employer to discriminate against employees on the basis of a number of protected characteristics, including race and sex. 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). The IHRA largely tracks Title VII and similarly prohibits employers from engaging in sex or race discrimination, or from engaging in retaliation against employees who oppose unlawful employment practices. 775 ILCS 5/2–102; 775 ILCS 5/1–103(Q); *see also Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 887 (7th Cir. 2016) ("Retaliation also is a cognizable claim under . . . the IHRA.") (citing 775 ILCS 5/6-101(A)). Illinois state courts apply the Title VII framework to IHRA claims, and federal district courts analyzing claims under the IHRA may rely on Title VII case authority. *See, e.g.*, *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017); *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016). To state a cause of action for retaliation under Title VII and the IHRA, Plaintiff must allege that she (1) engaged in a statutorily protected activity and (2) the College subjected her to an adverse employment action as a result. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013)).

On review of the allegations in the Complaint and the parties' arguments, the Court concludes that Plaintiff has failed to allege that she engaged in a statutorily protected activity, a necessary element for her retaliation claims. For the purposes of a retaliation claim, a "protected activity" is "some step in opposition to a form of discrimination that the statute prohibits." *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 631 (7th Cir. 2011). "Paradigm examples of protected activities include 'filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or opposing an unlawful employment practice.'" *Guzman v. XTC U.S. Xpress Inc. U.S. Inc*., No. 123-CV-01070, 2024 WL 706905, at *4 (S.D. Ind. Feb. 20, 2024) (quoting *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013)) On the other hand, "[v]ague and obscure 'complaints' do not constitute protected activity." *Northington*, 712 F.3d at 1066.

Here, Plaintiff alleges that the College denied her an accommodation to work from home for childcare purposes, but provided that accommodation to a white employee. But Plaintiff does not allege that she engaged in any protected activity with respect to this alleged disparate treatment. Plaintiff does not allege that she filed a complaint, participated in any investigation, or took any particular actions to oppose the allegedly unlawful practice by raising it with her superiors. Instead, Plaintiff simply alleges that she "engaged in protected activity by requesting accommodation that was being offered to other employees as well as other activities to be uncovered during the course of discovery." (Dkt. 1 ¶¶ 70, 80.) The mere act of requesting an accommodation that was offered to others, however, is not itself a protected activity for the purposes of a retaliation claim. Plaintiff must allege that she took some step or action in opposition to the College's alleged conduct of offering the accommodation to a white employee while denying it to Plaintiff. Plaintiff's vague and generic allegation that she "requested an accommodation offered to others" does not indicate

she took any such step opposing an unlawful practice. Even if the Court construed the allegation liberally as some type of "complaint" over the fact that the accommodation had been offered to a white employee, a "vague and obscure" complaint does not constitute a protected activity. *Northington*, 712 F.3d at 1066. Nor can Plaintiff rely on her conclusory contention that she engaged "in other activities to be uncovered during the course of discovery." While the notice pleading standard is liberal, Plaintiff must still plead sufficient facts that at least create the reasonable inference that she engaged in a statutorily protected activity; she may not rely on conclusory recitations of the elements of the cause of action, nor make vague suggestions that discovery will reveal facts giving rise to the claim. Plaintiff is, presumably, aware of her own conduct, and therefore must plead what actions she took that demonstrate she engaged in a statutorily protected activity. She fails to do so in her Complaint, and her claims for retaliation under Title VII and the IHRA must be dismissed on that ground alone.

In sum, Plaintiff's claims for retaliation under Title VII in Counts I and IV of the Complaint, and retaliation under the IHRA in Count V, are dismissed without prejudice. The Court will give Plaintiff leave to file an amended complaint, if she believes she can plead allegations demonstrating that she engaged in a statutorily protected activity.[5]

### C. Plaintiff fails to state a claim for interference under the FMLA but has adequately alleged retaliation.

The Court turns next to Plaintiff's FMLA claims. Plaintiff alleges that the College interfered with her FMLA leave by informing her of a grievance against her the day before her departure on FMLA leave. Plaintiff further alleges that the College's act of informing her of a grievance the day before her departure on leave was unlawful retaliation.

---

[5] Because Plaintiff's failure to plead that she engaged in a statutorily protected activity warrants dismissal of her retaliation claims on its own, the Court will not address the College's separate passing argument that Plaintiff has failed to allege that she experienced an adverse employment action.

11

To state a claim for FMLA interference, plaintiff must allege that: "(1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled." *Goelzer v. Sheboygan Cnty., Wis*., 604 F.3d 987, 993 (7th Cir. 2010) (citation omitted). There is no dispute here that Plaintiff has adequately alleged the first four elements. The College argues, however, that Plaintiff has failed to allege the fifth element that the College denied her FMLA benefits to which she was entitled because she admits on the face of her Complaint that she did in fact depart on FMLA leave. The College is correct.

The Seventh Circuit has repeatedly rejected FMLA interference claims where the plaintiff was granted the leave they requested and for which they were entitled. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 597 (7th Cir. 2017) ("Ennin's FMLA interference claim fails because he received the FMLA leave to which he was entitled"); *Curtis v. Costco Wholesale Corp*., 807 F.3d 215, 223 (7th Cir. 2015) ("Curtis has failed to show Costco denied him any FMLA benefits to which he was entitled. Curtis applied for and was given two separate leaves under the FMLA; Costco did not reject his requests when made or deny him any FMLA benefits."); *see also Lane v. Magellan Health, Inc.*, No. 22-CV-28-WMC, 2023 WL 3303897, at *6 (W.D. Wis. May 8, 2023) ("Lane concedes that he ultimately received all 12 weeks of FMLA leave to which he was entitled. This dooms his claim."). Plaintiff here alleges that she departed for FMLA leave and does not allege that she received less leave for which she was entitled. Plaintiff has therefore failed to state a claim for FMLA interference, because she was not denied any of her rights under the statute.

Turning to Plaintiff's claim for retaliation, a FMLA retaliation claim requires that: "(1) the employee engaged in statutorily protected activity; (2) the employer subjected her to an adverse

12

action; and (3) the protected activity caused the adverse action." *Riley v. City of Kokomo*, 909 F.3d 182, 188 (7th Cir. 2018)). The College argues here that Plaintiff has failed to adequately allege that she suffered an adverse employment action because there is nothing in the Complaint suggesting that she suffered any consequences from the grievance she received prior to taking FMLA leave. Plaintiff responds that the receipt of a grievance the day before her FMLA leave was an adverse action because it would cause a reasonable person to feel retaliated against for taking FMLA leave.

The Court finds that Plaintiff has adequately alleged that she suffered an adverse action. Adverse actions are defined relatively broadly for the purposes of retaliation: "Materially adverse actions are not limited to employment-related activities but include any actions that would dissuade a reasonable employee from exercising his rights under the FMLA." *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 979 (7th Cir. 2008). Plaintiff alleges here she received a grievance the day before she was supposed to go on FMLA leave, and therefore did not have the opportunity to respond to the grievance before taking leave. Plaintiff further alleges that it was later determined that the issue that prompted the grievance was a relatively minor issue for which other employees had not received grievances. Construing these allegations liberally and drawing all inferences in Plaintiff's favor, the Court finds that a reasonable employee could potentially be dissuaded from taking FMLA leave by receiving a grievance the day before that leave is set to begin, as the employee may feel pressure to forgo or delay their leave to respond to the grievance. That is all that is required at this initial stage to state a claim.[6]

---

[6] It is true that, as the College argues, Plaintiff does not allege that the grievance resulted in any discipline. But as noted above, adverse actions in the retaliation context are defined broadly to include "any action that would dissuade" an employee from exercising their rights and are not limited to employment actions that actually result in discipline. At least at this initial pleading stage, the Court finds that the alleged receipt of a grievance the day before FMLA leave is set to begin is an action that might dissuade a reasonable employee from taking leave.

In sum, Plaintiff's claim for FMLA interference in Count VI is dismissed, while her claim for retaliation in Count VI survives. As the Court is dismissing the Complaint with leave to amend, Plaintiff may attempt to replead her interference claims if she believes she can do so.

### D. Plaintiff should correct her duplicate cause of action and use of a pseudonym in any amended complaint.

As the Court is dismissing certain claims with leave to amend, it is appropriate to dismiss the Complaint in its entirety with leave to file an amended complaint. Plaintiff should file an amended complaint within 30 days of this order, and she may attempt to replead her dismissed claims for retaliation under Title VII and the IHRA, and her claim for interference under the FMLA, if she believes she can remedy the issues discussed above. As the Court found Plaintiff's FMLA retaliation claim sufficient, and the College did not argue that her Title VII and IHRA discrimination claims were inadequately plead, she need not replead those causes of action.

When filing her amended complaint, there are two other issues Plaintiff must address related to the College's first two arguments above: her duplicate cause of action and use of a pseudonym. As Plaintiff concedes in her response, Count III of her Complaint for sex discrimination and retaliation is duplicative of her claims in Count II. Count III is therefore dismissed as duplicative and should not be included in any amended pleading.

With respect to her use of a pseudonym, Plaintiff acknowledges that she did not seek leave to proceed under a pseudonym and states that she can "remedy" the issue in an amended pleading. It is unclear if Plaintiff means she will include her full surname in a future amended complaint, or if she will file a motion to proceed under a pseudonym, as she argues in a passing footnote that the circumstances here might support proceeding under a pseudonym because of her allegations of "fear of retaliation [and] gender discrimination." (*See* Dkt. 15 at 4 n.1.)

Based on the information in the Complaint and Plaintiff's response, the Court is not convinced that Plaintiff's use of a pseudonym is warranted here. There is a strong presumption in favor of open judicial proceedings, and the Seventh Circuit has repeatedly reiterated, including in recent decisions this year, that only "exceptional circumstances"—such as a substantial risk of harm—justify the use of a fictitious name for an adult. *See Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913 (7th Cir. 2024) (citing *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024)). Plaintiff's allegations of past retaliation and discrimination in employment do not themselves suggest a risk of future harm or retaliation that would warrant proceeding anonymously. Individuals regularly sue their employers, current and former, for employment discrimination. Such suits on their own, absent allegations of any risk of harm, do not implicate exceptional circumstances warranting the use of a pseudonym. Therefore, when Plaintiff files any amended complaint, she must either include her full name, or must file a separate motion demonstrating that there is some other risk of harm or exceptional circumstances that warrant proceeding under a pseudonym.

## Conclusion

For the foregoing reasons, the College's motion to dismiss is granted in part and denied in part. Plaintiff shall have 30 days from the date of this order to file an amended complaint.

ENTERED: 6/20/24

_____

Nancy L. Maldonado

United States District Court Judge

15